**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**

                                **Case No. 4:97cr76-RH**
                                **Case No. 4:06cv359-RH/WCS**

**TERRY LEE PRESLEY,**

      **Defendant.**

_____/

### REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

Defendant filed a 28 U.S.C. § 2255 motion.  Doc. 124.  The court entered an order to show cause why the motion, challenging the judgment entered on the first revocation of supervised release, should not be dismissed as untimely under § 2255. Doc. 127 (incorporated by reference).

Defendant confirms that he is challenging only the judgment on his first revocation, and claims entitlement to equitable tolling because he "believed that his counsel had pursued an appeal and relied upon the diligence of his counsel in the present case."  Doc. 128, pp. 1-2.  As previously noted, the period is subject to equitable tolling only on a showing of extraordinary circumstances both beyond Defendant's control and unavoidable with diligence.  Doc. 127, pp. 2-3.

The judgment at issue was entered on July 5, 2002.  Doc. 98.  Defense counsel filed a motion to clarify sentencing on August 28, 2002, advising that Defendant reported the day before to the halfway house and needed to register for classes by the next day.  Doc. 99.  An order was entered shortly thereafter recommending that Defendant be permitted to continue his education.  Doc. 100.

Clearly, Defendant had contact with his counsel shortly after the entry of judgment.  If he thought an appeal was being pursued he should have inquired at that time, and would have realized a notice of appeal had not been filed.  The docket does not reflect that Defendant made any attempt to contact the court regarding an appeal from that judgment.  Taking as true the assertion that Defendant relied on counsel and believed he was pursuing an appeal, he has not shown due diligence.  Equitable tolling is not warranted.

It is therefore respectfully **RECOMMENDED** that Defendant's § 2255 motion, challenging the judgment of July 5, 2002, be **SUMMARILY DENIED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**